IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| DARIN MCGILL | * | |
| SALLY MCGILL | * | |
| NICHOLAS MCGILL | * | |
| 7357 Holstein Avenue | * | |
| Glen Burnie, Maryland 21060 | * | |
| | * | |
| THOMAS MARKS | * | |
| SYLVIA BIMBO | * | |
| F.M., a minor child, by and through her | * | |
| mother and guardian, Sylvia Bimbo | * | |
| H.M., a minor child by and through her | * | |
| mother and guardian, Sylvia Bimbo | * | |
| 9713 Philadelphia Road | * | |
| Baltimore, Maryland 21237 | * | |
| | * | CIVIL ACTION NO.: _____ |
| BOBBY PETRO | * | |
| FERNANDA WANDEMBERG | * | |
| PRISCILLA PETRO | * | |
| N.M., a minor child, by and through her | * | |
| Mother and guardian, Fernanda | * | |
| Wandemberg | * | |
| 8139 Dotty Road | * | |
| Baltimore, Maryland 21237 | * | |
| | * | |
| MICHAEL DEMETRO | * | |
| 1301 Roundhouse Court | * | |
| Severn, Maryland 21144 | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| KOROS, LLC d/b/a DOUBLE T DINER | * | |
| 1 Mountain Road | * | |
| Pasadena, Maryland 21122 | * | |
| | * | |
| Serve on: | * | |
| | * | |
| Ioannis Korologos | * | |
| Koros, LLC | * | |
| 6300 Baltimore National Pike | * | |
| Baltimore, Maryland 21228 | * | |
| | * | |
| | * | |

**KOROS, INC.**            \*
**6300 Baltimore National Pike**            \*
**Baltimore, Maryland 21228**            \*
            \*
**Serve on:**            \*
            \*
**John Korologos**            \*
**Koros, Inc.**            \*
**6300 Baltimore National Pike**            \*
**Baltimore, Maryland 21228**            \*
            \*
            \*
**TIE MORTOS, INC.**            \*
**10071 Baltimore National Pike**            \*
**Baltimore, Maryland 21043**            \*
            \*
**Serve on:**            \*
            \*
**John Korologos**            \*
**Tie Mortos, Inc.**            \*
**10071 Baltimore National Pike**            \*
**Baltimore, Maryland 21228**            \*
            \*
                        **Defendants.**   \*
            \*

## COMPLAINT

Plaintiffs, Darin McGill, Sally McGill, Nicholas McGill, Thomas Marks, Sylvia Bimbo, F. M., H. M., Bobby Petro, Fernanda Wandemberg, Priscilla Petro, N. M., and Michael Demetro (hereinafter referred to as "Plaintiffs"), by and through their attorneys, Joseph E. Spicer, Esquire and Cohen Harris, LLC and Hannah Ernstberger, Esquire of Saller, Lord, Ernstberger & Insley, hereby file this Complaint against Defendants, Koros, LLC d/b/a Double T Diner, Koros, Inc., and Tie Mortos, Inc. (hereinafter referred to as "Defendants"). In support thereof, Plaintiffs hereby allege the following:

## PARTIES

1. At all times relevant to this Complaint, Plaintiffs, Darin McGill, Sally McGill, and

Nicholas McGill resided in Glen Burnie, Maryland.

2. At all times relevant to this Complaint, Plaintiffs, Thomas Marks, Sylvia Bimbo, F. M., a minor, and H. M., a minor, resided in Baltimore, Maryland.

3. At all times relevant to this Complaint, Plaintiffs, Bobby Petro, Fernanda Wandemberg, Priscilla Petro and N. M., a minor, also resided in Baltimore, Maryland.

4. At all times relevant to this Complaint, Plaintiff Michael Demetro resided in Severn, Maryland.

5. Defendant, Koros, LLC d/b/a, Double T Diner is a limited liability company incorporated under the laws of the State of Maryland.

6. Defendant, Koros, LLC owns, manages, and operates a restaurant known as the Double T Diner which is in the business of serving food and beverages to the public at 1 Mountain Road in Pasadena, Maryland.

7. Defendant, Koros, Inc. is a company incorporated under the laws of the State of Maryland.

8. Defendant, Koros, Inc. owns, manages, and operates restaurants known as the Double T Diner one of which is in the business of serving food and beverages to the public at 1 Mountain Road in Pasadena, Maryland.

9. Defendant, Tie Mortos, Inc. is a company incorporated under the laws of the State of Maryland.

10. Defendant, Tie Mortos, Inc. owns, manages, and operates restaurants known as the Double T Diner one of which is in the business of serving food and beverages to the public at 1 Mountain Road in Pasadena, Maryland.

11. At all times relevant to this Complaint, all actions giving rise to the claims alleged herein occurred in Pasadena, Maryland.

## JURISDICTION AND VENUE

12. This action is brought pursuant to 42 U.S.C. § 1981 and Title II of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(a) et seq.  to redress the deprivation of Plaintiffs' rights as secured by the United States Constitution.

13. This Court in accordance with 28 U.S.C. §§1331 has jurisdiction over Plaintiffs' claims because this civil action arises under the laws of the United States.  This Court also has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. §§1367 because the claim arises from the same set of operative facts as the claim with original jurisdiction.

14. Venue is proper under 28 U.S.C. §1391(b)(1) and 1391(b)(2) because Defendants' principal place of business is located within this judicial district and because a substantial part of the event giving rise to this complaint occurred in this judicial district.

## FACTUAL BACKGROUND

15. Plaintiffs, Darin McGill, Sally McGill, Nicholas McGill, Thomas Marks, Sylvia Marks, F. M., H. M., Bobby Petro, Fernanda Wandemberg, Priscilla Petro, N. M., and Michael Demetro are Gypsies.

16. Plaintiffs are also members of the church known as the God is Able Ministries, which is a member of the God's Gypsy Christian Church Assembly, located in Glen Burnie, Maryland.

4

17. On November 5th, 2017, Plaintiffs, Darin McGill, Sally McGill, Nicholas McGill, Thomas Marks, Sylvia Bimbo, F. M., H. M., Bobby Petro, Fernanda Wandemberg, Priscilla Petro, and N. M. entered the Double T Diner located at 1 Mountain Road in Pasadena as customers.

18. After entering the Double T Diner, they made a request to be seated in the restaurant.

19. Plaintiffs, Darin McGill, Sally McGill, Nicholas McGill, Thomas Marks, Sylvia Bimbo, F. M., H. M., Bobby Petro, Fernanda Wandemberg, Priscilla Petro, and N. M. intention was to enjoy the food, beverage and/or dining services which the Defendants offer to the general public.

20. Plaintiffs, Darin McGill, Sally McGill, Nicholas McGill, Thomas Marks, Sylvia Bimbo, F. M., H. M., Bobby Petro, Fernanda Wandemberg, Priscilla Petro and N. M. were informed by the manager of the Double T Diner that they were not allowed to be seated at the restaurant, served and enjoy the Defendants' dining services.

21. When requested to provide a reason for the denial, the manager stated they were being denied service because they are Gypsies who attend the God is Able Ministries church.

22. Upon information and belief, at all times relevant herein, the manager of the Double T Diner referenced in paragraphs 20 and 21 was employed by Defendant and was working within the scope of her employment.

23. After Plaintiffs, Darin McGill, Sally McGill, Nicholas McGill, Thomas Marks, Sylvia Bimbo, F. M., H. M., Bobby Petro, Fernanda Wandemberg, Priscilla Petro and N. M. were informed they would not be permitted to eat at the Double T Diner, they followed the direction of the Defendants' staff and left the restaurant.

24. On January 28th, 2018, Plaintiff, Michael Demetro and his family also entered the Double T Diner as customers.

25. Plaintiff Michael Demetro's intention was to enjoy the food, beverage and/or dining services which the Defendants offer to the public.

26. Plaintiff Michael Demetro and his family were informed by the manager of the Double T Diner that they were not allowed to be seated at the restaurant, served, and enjoy the Defendants' dining services.

27. Plaintiff Michael Demetro was also informed by the manager of the Double T Diner that they also would not be seated and served at the restaurant.

28. When requested to provide a reason for the denial, the manager stated they were being denied service because they are Gypsies who attend the God is Able Ministries church.

29. Upon information and belief, at all times relevant herein, the manager of the Double T Diner was employed by Defendant and was working within the scope of her employment.

30. After Plaintiff, Michael Demetro and his family were informed that they would not be permitted to eat at the Double T Diner, they followed the direction of the Defendants' staff and left the restaurant.

31. Plaintiffs asked for an explanation as to why they were denied service on November 5, 2017 and January 28ᵗʰ, 2018 while other customers were allowed to enter the restaurant and were being served.

32. Plaintiffs were not allowed to enter the restaurant and were denied service which indicated a different policy for difference races and/or religions.

33. There was no distinction between Plaintiffs who were denied service and the other patrons who were permitted to enter the restaurant other than Plaintiff's race and/or religion.

34. Plaintiffs never caused any trouble at the restaurant nor did they ever violate any rule of the restaurant of the Defendants' management and/or employees at the Double T Diner.

35. Defendants can offer no justifiable reason why as Gypsies and as members of the Gypsy Church Power Ministries that Plaintiffs were treated differently than others groups.

36. Plaintiffs were never granted permission to eat at the premises and were turned away solely because of their race and/or religion.

37. Defendants discriminated against Plaintiffs and humiliated them because of their race and/or religion.

## COUNT ONE --- 42 U.S.C. § 1981 (Racial Discrimination)

38. Plaintiffs incorporate the allegations contained in paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiffs are Gypsies, who are members of a protected class under 42 U.S.C. §1981.

40. On November 5th, 2017, Plaintiffs, Darin McGill, Sally McGill, Nicholas McGill, Thomas Marks, Sylvia Bimbo, F. M., H. M., Bobby Petro, Fernanda Wandemberg, Priscilla Petro and N. M. sought to enter into a contractual relationship with Defendant.

41. On January 28th, 2018, Plaintiff, Michael Demetro and his family also sought to enter into a contractual relationship with Defendant.

42. On November 5th, 2017, Plaintiffs, Darin McGill, Sally McGill, Nicholas McGill, Thomas Marks, Sylvia Bimbo, F. M., H. M., Bobby Petro, Fernanda Wandemberg, Priscilla Petro and N. M. met the Defendant's ordinary requirements to pay for and to receive goods or services ordinarily provided by the Defendant to other similarly situated customers.

43. On January 28th, 2018, Plaintiff, Michael Demetro and his family met the Defendant's ordinary requirements to pay for and receive goods or services ordinarily provided by the Defendants to other similarly situated customers.

44. On November 5th, 2017 and January 28th, 2018, Defendants denied Plaintiffs the opportunity to contract for goods and services that were otherwise afforded other customers.

45. Defendants authorized and/or ratified the acts described herein of their agents, servants, and/or employees who were engaged in the unlawful conduct.

46. The Defendants' actions described herein were reprehensible.

47. The Defendants' conduct was witnessed by other employees and patrons in the restaurant.

48. Plaintiffs were denied the privileges and benefits of Defendants' dining services because of their race.

49. But for Plaintiffs' race, Defendants would not have denied Plaintiffs the privileges and benefits of its dining services and would not have been required Plaintiffs to leave its restaurant.

50. But for Plaintiffs' race, Plaintiffs would have been permitted to enter Defendants' restaurant, dine at Defendants' restaurant, and enjoy the benefits of Defendant's dining services.

51. Defendants could not and did not provide any legal or lawful reason why Plaintiffs were denied the benefits and privileges of Defendants' dining services.

52. As a result of the Defendants' discriminatory practices, Plaintiffs have suffered and will continue to suffer harm including, but not limited to emotional harm and psychological trauma.

53. Plaintiffs request all appropriate remedies for violation of 42 USC § 1981.

**COUNT TWO- TITLE II OF THE CIVIL RIGHTS ACT OF 1964**

54. Plaintiffs incorporate the allegations contained in paragraphs 1 through 53 as though fully set forth herein.

55. 42 U.S.C. §2000(a) provides "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination on the ground of race, color, religion, or national origin."

56. The Defendants through their actions or through the actions of their employees implemented policies that denied Plaintiffs, on account of their race and/or religion, full and equal enjoyment of the goods, services, facilities, and accommodations of the Double T Diner.

57. On November 5th, 2017, Plaintiffs, Darin McGill, Sally McGill, Nicholas McGill, Thomas Marks, Sylvia Bimbo, F. M., H. M., Bobby Petro, Fernanda Wandemberg, Priscilla Petro and N. M. came to the Defendants' restaurant to enjoy the goods and

services it provided, but were denied those goods and services that other patrons were permitted to enjoy simply because of their race and religion.

58. On January 28th, 2018, Plaintiff, Michael Demetro, and his family also came to the Defendants' restaurant to enjoy its good and services it provided, but were also denied those goods and services that other patrons were permitted to enjoy simply because of their race and religion.

59. On November 5th, 2017 and January 28th, 2018, Defendants denied Plaintiffs the opportunity the goods and services at the Double T Diner that were otherwise afforded other customers.

60. The Double T Diner is a place of public accommodation within the meaning of 42 U.S.C. §§ 2000(a)(b).

61. A substantial portion of the food and/or drink of the Double T Diner have moved in interstate commerce and as such the operation of the Double T Diner affects commerce within the meaning of 42 U.S.C. § 2000(a)(c).

62. Defendants authorized and/or ratified the acts described herein of their agents, servants, and/or employees who were engaged in the unlawful conduct.

63. The Defendants' actions described herein were reprehensible.

64. The Defendants' conduct was witnessed by other employees and patrons in the restaurant.

65. The Defendants' conduct constitutes the resistance of the full and equal enjoyment by Gypsies and members of the God is Able Ministries on account of these individuals' race and/or religion secured by 42 U.S.C. §§ 2000(a) et seq. and the practice is of such a nature and is intended to deny the full exercise of such rights.

66. Plaintiffs request all appropriate relief for violation of Title II of the Civil Rights Act of 1964.

### COUNT THREE- NEGLIGENT HIRING AND RETENTION

67. Plaintiffs incorporate the allegations contained in paragraphs 1 through 66 as though fully set forth herein.

68. Defendants had a duty to use reasonable care to select employees who were competent and fit to perform the duties of a restaurant manager. Defendants had actual knowledge of its agents', servants' and/or employees' discrimination actions indicating they would not properly perform the duties assigned them.

69. A reasonable and prudent employer would not have ignored such indications of the employees' unfitness for such duties.

70. Defendants knew, or should have known, that their employees would be likely to confront and be in contact with members of the public.

71. Plaintiffs were members of the public who would foreseeably come into contact with the Defendants' agents, servants and/or employees.

72. Therefore, Defendants owed such a duty to Plaintiffs, and such duty was breached.

73. Because of the history of the actions of Defendants' agents, servants, and/or employees, the likelihood of the risk of discrimination against members of the public was foreseeable.

74. Defendants knew, or should have known, that its agents, servants and/or employees, were not competent or fit for the duties that they were supposed to properly perform.

75. Defendants knew or should have known of the likelihood of the discriminatory actions and/or behavior of its agents, servants, and/or employees based upon their

discriminatory actions and/or conduct prior to November 5th, 2017 as well as their discriminatory actions and/or conduct on November 5th, 2017.

76. Accordingly, Defendants breached their duty to use reasonable care to select employees that were competent and fit for the position.

77. As a result of Defendants' negligence in hiring and retaining its agents, servants and/or employees in their positions at the time of the alleged incident, and as a result, Plaintiffs were injured as alleged.

## COUNT FOUR---RESPONDEAT SUPERIOR

78. Plaintiffs incorporate the allegations contained in paragraphs 1 through 77 as though fully set forth herein.

79. At all times relevant hereto, Defendant employed its agents, servants, and/or employees at the Double T Diner located at 1 Mountain Road in Pasadena, Maryland.

80. On November 5th, 2017 and January 28th, 2018, Defendant's agents, servants, and/or employees denied Plaintiffs service at the Double T Diner based upon the fact that they are Gypsies and due to their membership at the God is Able Ministries causing Plaintiffs to sustain severe injuries.

81. The above described acts of Defendant's manager(s) were committed within the scope of their employment with the Double T Diner, in that they committed them while on duty, inside of Defendant's place of business, and in furtherance of Defendant's interests.

82. As the employer of the manager(s), Defendant is responsible for all of the acts they commit within the scope of their employment, including the subject acts and omissions complained of herein.

12

**WHEREFORE,** Plaintiffs respectfully request that the Court:

a. Enter judgment in favor of Plaintiffs and against Defendants for compensatory damages and punitive damages arising from Plaintiffs' causes of action and other causes of action.

b. Tax the costs of this action against Defendants.

c. Declare that Defendants' actions, practices and policies violated 42 U.S.C. § 1981 and Title II of Civil Rights Act of 1964, 42 U.S.C. §§ 2000(a) et seq.

d. Enter injunctive relief against Defendants prohibiting ongoing violations of 42 U.S.C. § 1981 and Title II of the Civil Rights Act of 1964.

e. Award Plaintiffs' attorneys' fees under 42 U.S.C. § 1988(b).

f. Grant Plaintiffs such other/further relief to which they are entitled at law or in equity.


Respectfully submitted,


Joseph E. Spicer, Esquire #27839
Cohen Harris, LLC
1 North Charles Street, Suite 350
Baltimore, Maryland 21201
Telephone No.: (888) 585-7979
Fax No.: (443) 773-0675
E-mail: joseph@cohenharris.com
*Attorney for Plaintiffs*

13

Hannah M. Ernstberger, #20516
Saller, Lord, Ernstberger & Insley
12 S. Calvert Street, 2nd Floor
Baltimore, Maryland 21202
Telephone: (410) 783-7945
Fax: (443) 869-2683
E-mail: hernstberger@sallerlaw.com
*Attorney for Plaintiffs*

14